IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00394-BNB

WILLIAM WILSON,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, A Municipality,
DENVER SHERIFF, In his Official Capacity,
MAJOR ANDERSON, In his Official Capacity, and
DEPUTY ROE, In his Official Capacity,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff, William Wilson, currently is detained at the Denver County Jail in Denver, Colorado.  Plaintiff, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

      Overall, Plaintiff is challenging several aspects of the conditions of his confinement, including: (1) religious programs and meals (2) retaliatory policies against inmates seeking access to the courts; (3) overcrowding; (4) dysfunctional grievance system; (5) indifference to improper treatment by deputies; (6) commissary price "gushing"; and (7) indifference to dietary needs.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694.

In the Amended Complaint, Plaintiff must name the parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, a complaint must explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed him; and, what specific legal right Plaintiff believes the defendant violated. *Nasious v. Two*

2

*Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an

Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint within

the time allowed the action may be dismissed without further notice.

DATED March 8, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland_____
United States Magistrate Judge